FORMER EMPLOYEES OF HEALTH-TEX, INC., PLAINTIFF *v.*
U.S. SECRETARY OF LABOR, DEFENDANT

Court No. 90-04-00215

(Decided November 15, 1990)

*Gunther Eichholz, pro se,* for plaintiffs.
*Stuart M. Gerson,* Assistant Attorney General, *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, *(Velta A. Melnbrencis);* United States Department of Labor *(Gary Bernstecker),* for defendant.

MEMORANDUM OPINION AND ORDER

DiCARLO, *Judge*: Plaintiffs, three former employees of Health-Tex's New York Patternmaking Department, move for rehearing of *Former Employees of Health-Tex. Inc. v. United States,* 14 CIT 580, Slip Op. 90–80 (Aug. 27, 1990), in which this Court affirmed the determination of the Secretary of Labor denying plaintiffs' certification for trade adjustment assistance benefits under 19 U.S.C. §§ 2272 (1988). Plaintiffs contend this Court erred in affirming Labor's determination because it is inconsistent with Labor's prior certification for benefits of former employees of Health-Tex's Grading and Marking Department in Central Falls, Rhode Island. Plaintiffs' Pro Se Request For Reconsideration, 1-2. Plaintiffs also contend Labor erred in the "documents they presented." *Id.*

When reviewing Labor determinations under 19 U.S.C. §§ 2395 (1988), the court decides whether Labor fairly and properly evaluated the evidence submitted to and collected by it, and whether Labor's decision is supported by substantial evidence. *Former Employees of Baker Perkins v. United States,* 14 CIT 139, Slip Op. 90-20 (March 1, 1990). The court " 'may not substitute its judgement for that of the [agency] * * * even though the court would justifiably have made a different choice had the matter been before it *de novo.*'" *United Elec., Radio & Mach. Workers of Am. v. Brock,* 14 CIT 121, 731 F. Supp. 1082, 1084 (1990) *(quoting American Spring Wire Corp. v. United States,* 8 CIT 20, 22, 590 F. Supp. 1273, 1276 (1984), *aff'd sub nom. Armco, Inc. v. United States,* 3 Fed. Cir. (T) 123, 750 F. 2d 249 (1985)) (other citations omitted).

In its original brief challenging Labor's denial of certification, plaintiffs raised the issue of Labor's certification of the Grading and Marking Department. Plaintiffs' Pro Se Memorandum In Opposition To Defendant's Motion For Summary Judgment, 2. The Court examined the record and determined Labor had considered the certification of the Grading and Marking Department. *See* A.R. 26-27, 55. Nevertheless, whether the Grading and Marking Department was properly certified was not an issue before the Court. The certification of the Grading and Marking Department was based on a different administrative record in-

760

volving different plants, cities, states, and investigatory periods. *See* A.R. 26. The only issue before the Court was whether Labor's denial of certification of the New York Patternmaking Department was supported by substantial evidence in the record and in accordance with law. *See* 19 U.S.C. §§ 2395(b) (1988).

The Court found Labor's determination that plaintiffs' separations were caused by domestic reasons was supported by substantial evidence in the record and in accordance with law. *Health-Tex I*, Slip Op. 90-80 at 4. Accordingly, the Court affirmed Labor's denial of certification, stating "[t]he transfer of a corporate function for reasons not associated with import penetration does not entitle workers to certification for trade adjustment assistance." *Id.* at 3.

Plaintiffs have not shown sufficient reasons requiring rehearing or remand to Labor. Plaintiffs do not indicate, nor does the record reveal, specific documents which were or were not presented to the Court. Plaintiffs are arguing that the agency should have reached a different conclusion. Nonetheless, when the court finds an administrative determination to be based on substantial evidence and in accordance with law, it cannot substitute its judgment for that of the agency. Therefore, plaintiffs' motion for rehearing is denied.